38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Delbert ROSENBARGER, Defendant-Appellant.
 No. 94-5137.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1994.
 
 Before: MILBURN, DAUGHTREY, and WEIS,* Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant-appellant, Charles Rosenbarger, was convicted and sentenced in 1986. He served 60 days of a two-year sentence and was released on probation. Probation was revoked in 1988, and Rosenbarger was ordered to serve the balance of his sentence. However, he never reported to the Bureau of Prisons. He now appeals the district court's 1993 order that he serve his unserved prison term consecutive to a new federal sentence imposed in the Southern District of Florida, contending that the two sentences should be served concurrently. We find no reason to disturb the sentencing order entered by the district judge and affirm.
 
 
 2
 When it was discovered by Florida probation officials in 1993 that Rosenbarger's 1986 sentence had not yet been served, the Kentucky district court was notified and an order was entered by Judge Allen directing counsel for the defendant and the government to submit memoranda addressing the appropriate procedure to follow under these somewhat unusual circumstances. In response, defense counsel conceded that Rosenbarger was liable to serve his remaining 22-month sentence and attached to his memo his client's affidavit, in which Rosenbarger stated, "I recognize my obligation to complete the service of my sentence ... [and] ask that the court now set a firm date for my reporting so that I might get this matter behind me."
 
 
 3
 The government's response suggested that service of the Kentucky sentence should follow the expiration of the Florida sentence. The defendant then filed a motion to have the two sentences run concurrently. The district judge ultimately denied this motion, saying:
 
 
 4
 The Court believes that a consecutive sentence should be imposed. Otherwise defendant would escape any punishment for his original probation violation.
 
 
 5
 The defendant appealed from the district court's consecutive sentencing order, contending for the first time that Judge Allen had lost jurisdiction of the case 30 days after the "final order" was entered in 1988, in the absence of an appeal, and arguing that the 1993 order therefore constitutes an illegal "resentencing" that can--somehow--be remedied by a concurrent sentencing order.
 
 
 6
 We reject this argument out of hand. Clearly, the district court retained jurisdiction to enforce its outstanding order to surrender. Moreover, there is a decidedly hollow ring to the defendant's contention that he was not at fault in failing to report to the U.S. Marshall in 1988 because he did not receive a copy of the court's order to that effect. The record shows that Rosenbarger had been ordered to surrender on October 19, 1988, and that his attorney filed a motion on October 13, 1988, asking the district court to "defer the date to report for service of [defendant's] term of imprisonment, presently scheduled for October 19, 1988, for a period of thirty (30) days, to November 18, 1988." Judge Allen granted the defendant's motion to defer on the same day it was filed, October 13, 1988. Both the attorney and the defendant now say that they never received a copy of this order, but the record fails to establish a plausible excuse for the attorney's failure to check the docket within a reasonable period of time to determine whether the court had acted on his motion to defer. Otherwise, his client should have reported on October 19, 1988, as previously ordered. Rosenbarger did not report on that date, however, nor on the deferred surrender date, November 18, 1988.
 
 
 7
 We also reject the defendant's argument that the Kentucky and Florida sentences should be served concurrently because the district court lacked the authority to order consecutive sentencing in 1988. In fact, there was only one outstanding sentence in 1988 and, hence, no need to make such a determination. The statute applicable at the time Judge Allen denied the defendant's motion to serve concurrent sentences (October 27, 1993) was 18 U.S.C. Sec. 3584, which provides in pertinent part that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." (Emphasis added.)
 
 
 8
 Clearly, Judge Allen had the statutory authority to impose consecutive sentencing, and there is no showing that he abused his discretion in so ordering. Certainly, the defendant's claim that he was not at fault in failing to surrender in 1988 is insufficient to establish such an abuse.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation